ANTISDEL v. BENT.

(Circuit Court, D. Massachusetts.  May 11, 1903.)

No. 1,353.

1. PATENTS—INVENTION—ANALOGOUS USE.
    The application of mechanism previously used in a folding chair to a folding bed, without substantial change in the manner of operation or result, is an analogous use, which will not support a patent.

2. SAME—FOLDING BEDS.
    The Ladd patent, No. 441,569, and the Segar patent, No. 464,524, both for folding beds or cots, are void for lack of patentable invention in view of the prior art.

In Equity.  Suit for infringement of letters patent No. 441,569, to Hermon W. Ladd, issued November 25, 1890, and No. 464,524, to Charles T. Segar, December 8, 1891, both for folding beds.  On final hearing.

Risley & Love, for complainant.
Roberts & Mitchell, for defendant.

HALE, District Judge.  This suit is for infringement of two letters patent of the United States—No. 441,569, to Hermon W. Ladd, issued November 25, 1890, and No. 464,524, to Charles T. Segar, issued December 8, 1891.  Both of these patents are for improvements in folding beds or cots.

The claims of the Ladd patent put in issue are:

"(1) In a folding bed, the frame and supporting folding legs therefor, in combination with two rigid links or braces of unequal pivotal lengths for each leg, each link pivoted to the side rail and to a leg, the shorter link being pivoted nearer to the end or corner of the frame, and nearer to the upper end of the leg than the longer link, for the purpose set forth.

"(2) In a folding bed, the frame and supporting folding legs, in combination with two rigid links or braces of unequal length for each leg, connecting the leg and frame, the shorter link being pivoted to the leg nearer the upper end of the leg than the longer link, and said links being pivoted to the frame on opposite sides of the leg when the leg is in supporting position, substantially as set forth."

The only claim of the Segar patent is put in issue:

"The combination, in a folding cot bed, of a bed bottom consisting of a frame composed of cross-bars and side rails rigidly secured together and a fabric stretched thereon; supporting legs in pairs, each leg at the end of a side rail; two braces, 6 and 9, of unequal length, for each leg on the same side, pivoted at their respective ends to the side rail and leg, the legs passing by the end of the side rail, and having for each pair of legs an upward extension forming a head and foot board, the leg being adapted to fold from its vertical-supporting position to a parallel position with the side rails, and the frame supported in extended position by resting on brace 9, substantially as set forth."

The elements of the first claim in the Ladd patent are the frame and supporting folding legs and rigid links or braces of unequal length, one being pivoted nearer the end of the frame and nearer the upper end of the leg than the other.  The second claim includes the same

¶ 1. See Patents, vol. 38, Cent. Dig. §§ 31, 32.

elements, and adds to them the feature of the links or braces being pivoted to the frame on opposite sides of the leg when the leg is in supporting position.

In the Segar patent the application was filed in January, 1887, while the application in the Ladd patent was filed in May of the same year. In the Segar patent the elements of the claim are set forth with less detail and exactness than in the Ladd case, but are much the same in substance. The claim describes a combination of a folding cot bed, wherein the legs and ends forming the head and foot may be folded into the same space occupied by the bed bottom. This is done by a system of braces and stops which carry the legs substantially parallel with the bed bottom. When the bed is extended, one of the braces is in supporting contact with the side bar, or a stop may be used to establish such connection.

The defendant's answer sets forth that the devices described in the two patents were not inventions, that they were not novel, and that devices substantially identical with them were previously patented in the United States. The leading patent relied upon by the defendant, and claimed to be anticipatory of the patents in suit, is the patent issued to John Cram and John S. Cram, dated August 21, 1855. This patent is for "a new and useful improvement in folding chairs, seats, tables, or other articles of like character." The patentee states further, "In order to illustrate my invention, I have exhibited it in its application to a portable or folding chair." On examination of the specification, claim, and drawings, we find that the details of construction in the Cram patent show a platform which supports the weight of the person. The back of the chair and the back legs are in one piece. These legs are attached by means of links to the platform or to a so-called "cheek piece" beneath the platform. The long links are extended, and form the other pair of legs. When the chair folds, the long links move to a position under the seat, turning on both sets of links. It is claimed by the defendant that in the construction of the Cram chair the platform of the chair corresponds to the bed frame of the Segar patent, and the legs, which extended upward form the chair back, correspond to the bed legs of the Segar patent, and when so extended upward to form the chair back they correspond to the head or foot board or frame of the bed in the Segar patent. It is also claimed that the Cram patent is equally anticipatory of the Ladd patent; that, if you substitute in the first line of Ladd's claim the word "chair" for the word "bed," the claim applies exactly to the Cram construction. It is urged, however, by the complainant, that the Segar claim describes the support of the frame, when in an extended position as resting on the shorter brace, and that in the Cram patent the frame or platform is not supported upon the brace, but upon certain notches cut for that purpose in the leg. But in his specification Segar states:

"It is quite obvious that a stop or hook may be provided for engaging the ends of the side bars and legs when the legs are extended, as shown in Fig. 1. The stop consists of projections 11, 11, and hooks 11a, 11a, Fig. 5, or any other suitable means for engaging the extremes of the side bars and legs when extended."

And Cram, in his specification, in referring to these notches or shoulders, says:

"When the seat, A, is in a horizontal position, it rests on one or more shoulders, i, i, or an equivalent thereof, the connecting bars, E, E¹, under such circumstances, being horizontal, or nearly so."

The complainant seeks to differentiate the Cram patent from the patents in suit by pointing out the fact, to which we have already alluded, that the long brace, when extended, forms a supporting leg, and hence does not perform the sole function of a brace. It cannot be, however, that the brace loses its identity as a brace from the fact that when extended it becomes a leg. It cannot be structurally important whether the brace being extended becomes a leg, or, as in the patents in suit, it is "pivoted to a leg." In either case the function of the brace is preserved.

Following the history of the prior art, the Smith patent is cited by the defendant. This patent is numbered 163,611, and was issued in 1875. This patent is applied to folding school chairs, and seems to us to involve very largely the same principles of construction as the Cram patent. Without further discussing the other patents referred to in the prior art, we think the same may be said of them as we have said of the Smith patent; so that the whole question of novelty may be discussed and decided in connection with the Cram patent, which we have already discussed.

The Gould and Cook patent, cited by the defendant in the prior art, is important because it applies the same two-link attachment to a bed which Cram applied to chairs; but we do not think that the question of novelty is raised so clearly in this patent, or in any of the other patents produced by the defendant in the prior art, as in the Cram patent, and so we have preferred to discuss the whole question of novelty on the Cram patent, the earliest patent cited in the prior art.

After a careful examination of the specifications and claims, and the drawings and models of the patents in suit and of those in the Cram patent, the court is of the opinion that all there is of invention in the patents in suit was in use under the Cram patent. But it is urged by the complainant that the Cram patent was applied only to the construction of chairs, and not to the construction of beds. Cram, however, in his specifications, applies his improvement not only to folding chairs, seats, and tables, but to "other articles of like character." Certainly, folding beds are articles of like character with folding chairs; they are both in the furniture art; the suggestion of one article of furniture brings to mind naturally another kind of furniture, especially when those two kinds of furniture are so clearly analogous as beds and chairs. Cram says that he merely illustrates his invention by applying it to a portable or folding chair. The use of this invention as applied to a bed is not a remote use, and, as we have just shown, it cannot be said to be a use unthought of by Cram; but, even if no words of extension had been used by Cram in his specifications, the use of an invention for beds which had been patented for chairs is clearly an analogous use. We think, then, that the patents of Ladd and Segar, under the principles and deci-

sions of the patent law, represent not invention, but merely reproduction.

The principle that the use of an old mechanism cannot be transferred without change to a new situation analogous to the old is well stated in the patent law. In the case of Frederick Stearns Company v. Russell, 54 U. S. App. 591, 85 Fed. 218, 29 C. C. A. 121, the court says:

"The inventor of a machine is entitled to the benefit of all the uses to which it can be put, no matter whether he had the idea of the uses or not. Roberts v. Ryer, 91 U. S. 150, 157, 23 L. Ed. 267; Goshen Co. v. Bissell Co., 37 U. S. App. 555, 72 Fed. 67, 19 C. C. A. 13, and cases there cited."

In the same case the court further says:

"Where it requires substantially no change in the old device to adapt it to the new use, such adaptation cannot be the subject of a patent, no matter how remote and unthought of the new use may be, provided no new force or mode of application be necessary in carrying on such use."

In Woven Wire Company v. Whittlesey, 8 Biss. 23, Fed. Cas. No. 18,958, it was held that a structure old as a chair seat cannot be patented as a bed bottom.

In Pennsylvania Railroad v. The Locomotive Truck Company, 110 U. S. 490, 4 Sup. Ct. 220, 28 L. Ed. 222, the court says:

"It is settled by many decisions of this court, which it is unnecessary to quote from or refer to in detail, that the application of an old process or machine to a similar or analogous subject with no change in the manner of application, and no result substantially distinct in its nature, will not sustain a patent, even if the new form of result had not before been contemplated."

In the case at bar we think that there is no novelty in the patents sued upon, in view of the history of the prior art, and especially in the light of the Cram patent, upon which we have commented. And although this patent was applied in the first instance to chairs, under the principles and decisions which we have above discussed we think the use of the invention as applied to a kind of furniture so similar as a bed constitutes an analogous use, which cannot be permitted under the patent law. The result is that upon the question of novelty the merits seem clearly with the defendant.

The decree must therefore be that the bill be dismissed, with costs to the defendant.